# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| THOMAS WYLEY<br><br>　　　Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK, and EQUIFAX INFORMATION SERVICES, LLC,<br><br>　　　Defendants. | Case No.: 2:22-cv-2643<br><br>**COMPLAINT FOR A CIVIL CASE**<br><br>**JURY TRIAL DEMAND** |

　　　Comes now Plaintiff, Thomas Wyley ("Plaintiff") by and through counsel undersigned, and upon information and belief, hereby complains as follows:

## INTRODUCTION

　　　1.　　This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

　　　2.　　This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

　　　3.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

　　　4.　　Plaintiff is a resident of the county of Shelby, Tennessee.

　　　5.　　Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Synchrony Bank ("Synchrony") is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC ("Equifax") is in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. On or about April 27, 2021, Synchrony canceled the alleged debt of Plaintiff for account number ending 1030 (the "Account").

10. Synchrony issued Plaintiff an IRS Form 1099-C, stating it discharged the debt in the amount of $11,696.00.

11. The form 1099-C canceled the principal balance owed on the Account.

12. The Identifiable Event Code on the 1099-C is marked "G"—indicating that the creditor has made a decision or policy to discontinue collection of the debt and to cancel the debt.

13. Upon information and belief, Synchrony submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

14. Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

15. Prior to issuing the form 1099-C, Synchrony actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

16. After cancelling the debt, Synchrony discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

17. Prior to cancelling the debt, Synchrony provided periodic statements and letters containing information about the Account.

18. After cancelling the debt, Synchrony discontinued its practice of providing periodic statements and letters containing information about the Account.

19. Based on the issuance of the form 1099-C, and on Synchrony's activity or inactivity related to collecting the debt, it is clear that Synchrony has cancelled the debt associated with the Account.

20. Plaintiff relied on receipt of the IRS Form 1099-C from Synchrony in his decision-making and activities concerning the Account.

21. In spite of cancelling the debt, Synchrony continued, erroneously, to report a balance due on the Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

22. In or about June 2022, Plaintiff obtained a copy of his credit reports from Equifax, Equifax, and TransUnion.

23. Upon review of Plaintiff's credit reports, Plaintiff observed that Synchrony was reporting that Plaintiff owed a past due balance on the Account in the amount of $11,775 on Plaintiff's Equifax credit reports.

24. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

25. Equifax published the false information regarding the Account to third parties.

### WRITTEN DISPUTE

26. On or about June 8, 2022 Plaintiff sent a written dispute letter to Equifax (the "Dispute") disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report, including a copy of the IRS Form 1099-C. and also requesting from Equifax a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

27. Upon information and belief, Equifax forwarded Plaintiff's Dispute to Synchrony for reinvestigation.

28. Upon information and belief, Synchrony received notification of Plaintiff's Dispute from Equifax.

29. Synchrony failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

30. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

31. Synchrony failed to instruct Equifax to remove the false information reporting on Plaintiff's consumer report.

32. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

33. Equifax employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

34. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

### COUNT I – SYNCHRONY

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

35. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

36. After receiving the Dispute, Synchrony failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

37. Synchrony violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding

Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

38. As a result of this conduct, action, and inaction of Synchrony, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. Synchrony's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Synchrony was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Synchrony pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

42. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43. After receiving the Dispute Equifax failed to correct the false information reporting on Plaintiff's consumer report.

44. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

45. As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

49. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

50. After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

51. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

52. As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

> Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted September 22, 2022

/s/Joseph Panvini
Joseph Panvini, Esq.
McCarthy Law, PLC

                4250 North Drinkwater Blvd, Suite 320
                Scottsdale, AZ  85251
                Telephone: (602) 456-8900
                Fax: (602) 218-4447
                Joe.panvini@mccarthylawyer.com
                Attorney for Plaintiff